1 | Kara L. Jassy, Bar No. 198846
kjassy@littler.com
2 | LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
3 | Los Angeles, California 90071
Telephone: 213.443.4300
4 | Fax No.:   213.443.4299

5 | Zeeshan Kabani, Bar No. 322638
zkabani@littler.com
6 | LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
7 | Los Angeles, California 90067.3107
Telephone: 310.553.0308
8 | Fax No.:   310.553.5583

9 | Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ZERITA WILSON, an individual, | Case No. 22-cv-6425 |
|---|---|
| Plaintiff, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION** |
| v. | |
| WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1-50, inclusive, | |
| Defendant. | Los Angeles Superior Court Complaint Filed: August 8, 2022 |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ZERITA WILSON AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant WAL-MART ASSOCIATES, INC. ("Defendant" or "Walmart") removes to this Court the state court action described herein. Defendant removes the captioned action from the Superior Court of the State California for the County of Los Angeles. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1441(a) and (b) due to complete diversity of the parties' citizenship.

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction based upon the existence of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1), 1441(a), 1441(b) and 1446. As set forth below, this case meets all of § 1332's requirements that the suit is between citizens of different States, and the amount in controversy exceeds $75,000.00.

## II. PLEADINGS, PROCESS, AND ORDERS

2. On or about August 8, 2022, Plaintiff Zerita Wilson ("Plaintiff") filed a Complaint ("Complaint") against Defendant and "Does 1-50" in the Superior Court of the State of California, Los Angeles County, Case No. 22STCV25514 ("State Court Action"). Plaintiff's Complaint asserts the following causes of action: (1) disability discrimination in violation of California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 *et seq.* ("FEHA"); (2) retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (4) failure to engage in the interactive process in violation of FEHA; (5) failure to accommodate in violation of FEHA; and (6) wrongful termination in violation of FEHA.

3. On August 9, 2022, Plaintiff served Defendant with the Summons and Complaint. True and correct copies of these documents, including attachments, are attached to the Declaration of Zeeshan Kabani ("Kabani Decl."), ¶ 3, Exhibit A.

4. On September 8, 2022, Defendant filed a general denial and affirmative defenses to the Complaint in Los Angeles County Superior Court. A true and correct copy of Defendant's general denial and affirmative defenses is attached to the Kabani Declaration, ¶ 4, Exhibit B.

5. Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings, and orders served on Defendant in the State Court Action. To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. Kabani Decl., ¶ 5. Because the Doe defendants have not yet been served, they need not join or consent to Defendant's Notice of Removal. *Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1926), *cert. denied*, 270 U.S. 652 (1926) (named defendants not yet served in state court action need not join in notice of removal).

6. To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action. Kabani Decl., ¶ 7.

### III. TIMELINESS OF REMOVAL

7. This Notice of Removal is timely filed because it is being filed within thirty (30) days of August 9, 2022, the date of service of the Summons and Complaint, and within one year of the initiation of the State Court Action. *See* 28 U.S.C. § 1446(b), (c).

### IV. DIVERSITY JURISDICTION

8. The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . . .

9. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441, 1446, because it

is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

      **A.**      **Diversity of Citizenship**

      10.      <u>Plaintiff is a citizen of California:</u>  For diversity jurisdiction purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

      11.      At the time Plaintiff commenced the State Court action, and at the time of removal, Plaintiff was a citizen of the state of California. Plaintiff alleges in the Complaint that she "is a resident of the county of Los, Angeles, state of California." Complaint ¶ 1; *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden on coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. March 18, 2008) (place of residence provides "prima facie" case of domicile). Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

      12.      <u>Walmart is not a citizen of California:</u>  For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found

at a corporation's headquarters." (Citations omitted.) *See also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

13. Here, Wal-Mart Associates, Inc. is incorporated in the State of Delaware. Moreover, Wal-Mart Associates, Inc.'s corporate headquarters and principal place of business, *i.e.*, the "nerve center" where it performs executive and administrative functions, are located in Bentonville, Arkansas. Consequently, Wal-Mart Associates, Inc. is not a citizen of California; rather, it is a citizen of Delaware and Arkansas.

14. <u>The citizenship of the Doe defendants should be disregarded for diversity purposes</u>. Plaintiff's Complaint also names as Defendants "Does 1-50." Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. Further, to Defendant's knowledge, no fictitious defendant has been served, and therefore, none need join in the Notice of Removal. *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves."), overruled on other grounds *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988).

15. Therefore, the State Court Action satisfies the diversity requirements for removal because Plaintiff is a citizen of the State of California, Defendant is a citizen of Delaware and Arkansas, and the Doe defendants' citizenships should be disregarded.

**B.    Amount in Controversy**

16. If a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more likely than not that the plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). Moreover, all claims can be aggregated to meet the minimum jurisdictional amount. *See Bank of Calif. v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir.

1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The Notice of Removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (*citing* 28 U. S. C. §1446(a)). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. In sum, Defendant need only plausibly allege that the amount in controversy exceeds $75,000, and evidence to support the amount is only required if it is contested. *Id.* at 89.

17. Economic damages, non-economic damages, general damages, attorney's fees and costs, and punitive damages are all included in determining the amount in controversy. *See Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for punitive damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorney's fees included in determining the amount in controversy where potentially recoverable by statute). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorney's fees in individual employment discrimination cases often exceed damages).

18. Here, the amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met. 28 U.S.C. § 1332.

a) Plaintiff's Complaint seeks, *inter alia*, the following relief for Plaintiff: general damages (*i.e.*, non-economic damages, including emotional distress), special damages (*i.e.*, economic damages, including lost wages), attorney's fees and costs, and punitive damages. *See* Kabani Decl., Exhibit A, Complaint ¶¶ 20-23, 27-30, 36-39, 44-47, 53-56, 61-64 & Wherefore clause.

b) Plaintiff alleges that she was terminated as of April 22, 2022. *See* Kabani Decl., Exhibit A, Complaint ¶ 12. At the time of her separation, Plaintiff earned $18.84

an hour and worked an average of 24.1 hours per week ($454.04 per week). If Plaintiff were to prevail on her claims, she could be entitled to lost earnings (*e.g.*, back pay) of over $9,080 from her separation in April 2022 through the filing of this removal ($454.04 x 20 weeks) – with that amount growing as this case progresses. Furthermore, this case will likely not go to trial until about September 2024,[1] which would add over $46,300 to Plaintiff's back pay claim ($454.04 x 102 weeks).

      c)    In addition, Plaintiff's lost earnings allegations do not contain a limit in their temporal scope. Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1987) (front pay until mandatory retirement age reached). Even conservatively estimating that Plaintiff seeks front pay benefits for only two years, the amount of future wages in controversy in this case would total an additional more than $47,200 ($454.04 x 104 weeks).

      d)    Plaintiff also alleges that she is entitled to damages for emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. *See* Kabani Decl., Exhibit A, Complaint ¶¶ 21, 28, 37, 45, 54, 62. If Plaintiff were to prevail in this action, she would most likely receive more than a nominal sum for emotional distress. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Gardenhire v. Hous. Auth. of the City of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2000) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000), and *Redfield v. Ins. Co. of N. Am.*, 940 F.2d 542 (9th Cir. 1991), *overruled on other grounds*, *Dotson v. United*

---

[1] According to Federal Court Management Statistics, the median time from filing (in this case, removal) to trial for civil cases in the Central District of California is 23.5 months. *See* https://www.uscourts.gov/sites/default/files/fcms_na_distcomparison0630.2022_0.pdf

*States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000). Under the law, there is no precise measure of damages for emotional distress. *Cal. Practice Guide: Emp't Litig.*, § 17:350, *Rutter Grp.* (2013). Nonetheless, a plaintiff is entitled to "a reasonable amount" to compensate for "'suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame'" that plaintiff has suffered and is "'reasonably certain to suffer'" in the future.[2] *Id.*; s*ee also* CAL. CIV. CODE, § 3283. The question a jury would be asked to determine in this case upon a finding of liability is: what is a "reasonable amount" to compensate for Plaintiff's emotional distress? For purposes of jurisdiction, the question simply is how much in emotional distress damages has Plaintiff placed in controversy. In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the plaintiff identified emotional distress as a category of damages she sought but did not furnish the amount of such damages. The Ninth Circuit held that the district court properly considered interrogatory responses along with emotional distress damages awarded in similar age discrimination cases in determining the amount in controversy. In upholding the lower court's finding that the amount in controversy had been established, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Although Defendant disputes that Plaintiff is entitled to any such award, Plaintiff's allegations place in controversy at least $25,000 in emotional distress damages alone.

e) Additionally, Plaintiff seeks attorney's fees and costs. *See* Kabani Decl., Exhibit A, Complaint ¶¶ 23, 30, 39, 47, 56, 64, and Wherefore clause. The Ninth Circuit recently held that "the amount in controversy includes all relief claimed at the time of

---

[2] While there is no clearly established definition of "'reasonable certainty,' evidence of future detriment has been held sufficient based on expert medical opinion which considered the plaintiff's particular circumstances and the expert's experience with similar cases." *Bihun v. AT&T Info. Servs., Inc.*, 13 Cal. App. 4th 976, 995 (1993), *overruled on other grounds*.

1  removal to which the plaintiff would be entitled if he prevails." *Chavez v. JPMorgan
2  Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018).  This amount includes future attorney's
3  fees.  *See Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018)
4  ("there is no question that future [attorney's fees] are 'at stake' in the litigation).  *See*
5  *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) ("[A]
6  reasonable estimate of fees likely to be incurred to resolution is part of the benefit
7  permissibly sought by the plaintiff and thus contributes to the amount in controversy.")
8  Moreover, attorney's fees awards in employment matters often exceed $75,000.  *See,*
9  *Flannery v. Prentice*, 26 Cal.4th 572 (2001) (California Supreme Court upheld an award
10 of attorney's fees under FEHA for $891,042); *see also Rivera v. Costco Wholesale*
11 *Corp.*, No. C 08-02202 CW, 2008 WL 2008 WL 2740399, at *12-13 (N.D. Cal. July
12 11, 2008) (on denying motion for remand, court stated that "[e]mployment
13 discrimination claims require a great deal of preparation and effort to maintain, and at
14 Plaintiff's attorney's claimed rate of $400 an hour, fees will likely become substantial")
15 (*citing Simmons,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("The court notes that
16 in its twenty-plus years' experience, attorneys' fees in individual discrimination cases
17 often exceed the damages."); *Akers v. Cty. of San Diego*, 95 Cal. App. 4th 1441, 1453
18 (2002) (lower court awarded $249,345 in attorney's fees in wrongful termination in
19 violation of public policy and discrimination case); *Hackmon v. City of Los Angeles*,
20 No. BC189418, 2001 WL 1860540 (Cal. Superior Nov. 30, 2001) ($114,584 awarded
21 in discrimination case brought under FEHA); *Kohn v. Cty. of Los Angeles*, No.
22 BC212273, 2001 WL 1720226 (awarding $161,700 in attorney's fees in FEHA
23 discrimination case) (Cal. Superior June 28, 2001).  At a conservative rate of $300 per
24 hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a
25 conservative estimate of time spent through trial) to incur $75,000 in reasonable
26 attorney's fees (250 x $300 = $75,000).  Thus, an attorney's fees award in this case
27 could easily reach or exceed $75,000 on its own.
28     f)     Plaintiff also seeks to recover punitive damages.  *See* Kabani Decl., Exhibit

A, Complaint ¶¶ 22, 29, 38, 46, 55, 63, and Wherefore clause. The potential punitive damages award alone against a defendant such as the Defendant in this case may satisfy the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code Section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds, the ratio between compensatory and punitive damages and ratio between damages and defendant's net worth. *Boyle v. Lorimar Prods., Inc.,* 13 F.3d 1357, 1360 (9th Cir. 1994). Punitive damages are included in calculating the amount in controversy. *Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994). In *Aucina,* the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F. Supp. at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail and establish the requisite state of mind, the punitive damages alone could easily exceed the jurisdictional minimum. Adding together Plaintiff's potential back pay damages, front pay damages, potential damages for emotional distress, potential punitive damages and potential attorney's fees, the amount in controversy here easily exceeds $75,000, exclusive of interests and costs.

    g)    Therefore, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and because this is a civil action between citizens of different states. As such, the United States District Court for the Central District of California has original jurisdiction over this matter and removal is authorized under 28 U.S.C. §1441(a).

V.    **VENUE**

19. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(c) and 1441(a). This action was originally brought in the Superior Court of the State of California, County of Los Angeles. Actions arising in Los Angeles County shall be commenced in the Western Division of the Central District.

## VI. NOTICE OF REMOVAL

20. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Cathryn G. Fund and Talya T. Deluya, of JML Law. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## VII. CONCLUSION

21. WHEREFORE, Defendant removes the action now pending against it in the Los Angeles County Superior Court to the United States District Court for the Central District of California, and requests that this Court retain jurisdiction for all further proceedings.

Dated: September 8, 2022

LITTLER MENDELSON, P.C.

_____
Kara L. Jassy
Zeeshan Kabani

Attorneys for Defendant

4862-3538-4368.1 / 080000-4275